UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 16-cr-125-07-07 |
| -vs- | JUDGE DRELL |
| DANIELLE COLLINS (07) | MAGISTRATE JUDGE PEREZ-MONTES |

RULING AND ORDER

Before the court is a motion for sentence modification pursuant to 18 U.S.C. § 3582(c)(2) filed by defendant Danielle Collins ("Defendant" or "Collins") on February 8, 2021. Having carefully reviewed the record in this case, as well as relevant law and jurisprudence, the court has determined that the motion will be DENIED for the reasons fully explained below.

I.  Background

On May 25, 2016, Collins was charged in two counts of a twelve count sealed indictment. On June 8, 2016, Collins appeared for an Initial Appearance and was remanded to the custody of the U.S. Marshal Service. On March 24, 2017, Collins entered a plea of guilty to count 1 of the indictment for conspiracy to distribute methamphetamine and cocaine, a violation of 21 U.S.C. §841(a)(1) & §846. On June 30, 2017, Collins was sentenced to 188 months imprisonment, with credit for time served, upon release from imprisonment, and supervised release for a term of 5 years.

On February 3, 2021, Collins submitted this *pro se* motion to the Court requesting a modification in his term of imprisonment pursuant to 18 USC

§3582(c)(2). Collins argues that he is eligible for a sentence reduction based upon the authority of Hughes vs US, 138 S.Ct. 1765 (2018), the All Drugs Minus Two provisions, and his subsequent qualification for a reduction pursuant to USSG §3E1.1 (Acceptance of Responsibility).

II.  Law and Analysis

We reviewed the Supreme Court's ruling in Hughes and found that it does not apply to Collins' case. In Hughes, the Supreme Court held that "a sentence imposed pursuant to a Type–C [plea] agreement is 'based on' the defendant's Guidelines range so long as that range was part of the framework the district court relied on in imposing the sentence or accepting the agreement." Id. at 1775 (citing 18 U.S.C. § 3582(c)(2)). Therefore, if a retroactive amendment is passed reducing the guidelines, a defendant who accepted a Type–C plea agreement is still eligible for reduction consideration because the guideline "starting point" has changed. Collins argues that he accepted a Type–C plea agreement and because of the All Drugs Minus Two amendment, is qualified for a two level reduction in his guideline score.

In reviewing the defendant's case, we verified that Collins did not accept a Type–C plea agreement. There was in his agreement no stipulation between the defendant and the Government on a specific sentence or range, a touchstone of Type–C plea agreements. Collins signed a standard Rule 11(c)(1)(A) plea agreement only providing, in part, that the Government would dismiss any other

charges and would move for a sentence reduction, if applicable, per U.S.S.G. § 3E1.1(b).

Furthermore, the 2016 Guidelines Manual was used to calculate Collins' offense level. This manual had baked in the "Drugs Minus Two Amendments" (782 Amendments) that went into effect on November 1, 2014. The defendant's sentence and guideline score were also reviewed by probation, verified by the Court, and determined to not have been affected by the First Step Act of 2018.

Finally, Collins claims he now qualifies for the two point Acceptance of Responsibility reduction because the arrest used to disqualify him has been dismissed. The Court has checked and verified that the matter (Rapides Parish, Louisiana, Docket Number 333691) has not been dismissed and is still pending in the 9th Judicial District Court of Louisiana. We, thus, do not consider this argument.

We find no validity to Collins' assertions that he is eligible for a sentence reduction.

III. Conclusion

For the reasons enumerated above, it is hereby ORDERED that Collins' motion for sentence modification pursuant to 18 U.S.C. § 3582(c)(2) is DENIED.

THUS DONE AND SIGNED at Alexandria, Louisiana this 25th day of February 2021.

DEE D. DRELL, JUDGE
UNITED STATES DISTRICT COURT